# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAWN EUBANKS,**

    **Plaintiff,**

    v.                                         Case No. 18-CV-663

**BRIAN FOSTER,**
**CO J. DORN,**
**GWENDOLYN VICK,**
**CO POHL, AND**
**CAPT. THEANDER,[1]**

    **Defendants.**

## SCREENING ORDER

Shawn Eubanks, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter is before me on Eubanks' motion for leave to proceed without prepayment of the filing fee and for screening of his complaint.

### MOTION ON FILING FEE

The Prison Litigation Reform Act applies to this case because Eubanks was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that Eubanks pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once Eubanks pays the initial partial

---

[1] In the complaint, Eubanks named Supervisor John Doe as a defendant. Eubanks subsequently filed a document titled motion to amend the complaint. (ECF No. 9.) In this document, Eubanks states that he has determined that the name of the John Doe defendant is Capt. Theander and he requests that the Court add Capt. Theander as a party on place of John Doe. The Court will grant Eubanks' motion.

filing fee, the Court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 30, 2018, I ordered Eubanks to pay an initial partial filing fee of $10.75. Eubanks paid that fee on May 7, 2018. Therefore, I will grant his motion for leave to proceed without prepayment of the filing fee. Eubanks must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**SCREENING THE COMPLAINT**

*1.     Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861

(7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

   2.   *Eubanks' Allegations*

Eubanks is incarcerated at the Waupun Correctional Institution He alleges that on April 22, 2018, defendant Officer Dorn closed Eubanks' hand in the "trap" (presumably, the trap door of his cell through which officers can pass things to inmates), causing pain and blood. Eubanks states that it is unclear why Dorn closed his hand in the trap.

On April 23, 2018, Dorn allegedly told Eubanks that Eubanks had no other choice but to allow Dorn to take him to see the nurse, or he would not see the nurse at all. Eubanks allowed Dorn to take him to the nurse. On the way back, Officer Dorn said, "how do that hand feel just be lucky I didn't break it [sic]." (ECF No. 1 at 2.)

Eubanks alleges that on April 23, 2018, he wrote a letter to defendant Warden Brian Foster stating that Officer Dorn had assaulted him the previous day. Warden Foster allegedly allowed Officer Dorn to have contact with Eubanks after the incident.

Next, Eubanks alleges that on April 24, 2018, while Officer Dorn was taking him to the showers, Dorn locked his hand around Eubanks' arm very hard, causing him pain. When Eubanks was locked in the shower he asked Dorn, "why are you assaulting me?" (*Id.*) Dorn allegedly replied, "you haven't seen nothing yet," gave Eubanks his clothes, and walked off. (*Id.*) Eubanks filed an inmate complaint because he feared for his safety.

Eubanks alleges that defendant Nurse Gwendolyn Vick saw Officer Dorn close Eubanks' hand in the trap and did not give him medical attention right away.

3

Eubanks alleges that on April 23, 2018, defendant Officer Pohl told Eubanks to get down and bend over in order to get his morning meal tray. Eubanks asked Pohl to repeat what he said and Pohl then stated, "get the fuck down bend over if you want this tray." (*Id.*) Eubanks states that he refused because he felt the comment was sexual, and then Pohl said "to[o] bad I can't look at you today but you won't be getting your tray as well." (*Id.*) Eubanks reported a sexual complaint based on Pohl's conduct.

Next, Eubanks alleges that on April 20, 2018, defendant Captain Theander (formerly Supervisor John Doe) used a Taser on Eubanks without warning. The Taser hurt Eubanks' middle back and now he has "nonstop pain" there. Captain Theander allegedly did this because Eubanks was defending himself when another inmate attacked him on the basketball court. Eubanks states that Captain Theander did not warn him to get on the ground and that Theander did not use the Taser on the other inmate.

For relief, Eubanks seeks monetary damages and injunctive relief.

3.   *Analysis*

It appears that Eubanks is attempting to improperly bring unrelated claims in a single case. Pursuant to Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple

defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

The complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, Eubanks may not proceed on the original complaint. Eubanks will be allowed to file an amended complaint in this case incorporating only properly related claims. He may bring any unrelated claim not pursued in this case in a separate action.

Specifically, Eubanks' claims against Officer Dorn, Warden Foster, and Nurse Vick belong in one case. He states an excessive force claim against Officer Dorn based on allegations that Dorn closed his hand in the trap on April 22, 2018, and allegedly assaulted him on April 24, 2018. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Eubanks appears to advance a failure to protect claim against Warden Foster. In his amended complaint, Eubanks should include more allegations against Foster, such as what he told Foster in the April 23, 2018 letter, so that I can better evaluate whether Eubanks states a claim against him. Eubanks also alleges that Nurse Vick witnessed the incident on April 22, 2018, and denied him immediate medical attention. Eubanks should include more information about this claim in his amended complaint, should he choose to file one. For example, did he ask Nurse Vick for medical attention and where was she in relation to him when the incident happened.

Eubanks' claim against Pohl does not appear to be related to his claims against Dorn, Foster, and Vick. Eubanks may file another case raising this claim, but he should also include more information so that the court may better evaluate the allegations to determine whether they state a claim.

Lastly, Eubanks' claim against Theander is not related to his other allegations and Eubanks would need to file another case if he wanted to proceed on an excessive force claim against Theander.

When writing his amended complaint, Eubanks should provide the Court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Eubanks' complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights.

A copy of the court's complaint form and instructions will be enclosed with this order. Eubanks should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-cv-663—in the field for "Case Number." He must list all of the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint, and must be complete in itself. Eubanks

cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Eubanks files the amended complaint by the deadline, I will screen it under 28 U.S.C. § 1915A.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to amend the complaint (Docket # 9) is **GRANTED**. The clerk of court's office shall substitute defendant Capt. Theander for defendant Supervisor John Doe.

**IT IS FURTHER ORDERED** that the plaintiff file an amended complaint on or before **July 27, 2018**, which contains only related claims as described in this Order.

**IT IS FURTHER ORDERED** that the clerk of court's office mail the plaintiff a prisoner complaint form along with order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **July 27, 2018**, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action may be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $339.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and

number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin this 27th day of June, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge