UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHAWN EUBANKS,**

    **Plaintiff,**

    v.                                                                                                                      Case No. 18-CV-663

**BRIAN FOSTER,**
**CO J. DORN,**
**GWENDOLYN VICK,**
**CAPTAIN THEANDER, AND**
**SGT. BEAM,**

    **Defendants.**

---

## SCREENING ORDER

---

Shawn Eubanks is a Wisconsin state prisoner representing himself. This matter is before me for screening of Eubanks' amended complaint.

I have jurisdiction to screen the amended complaint based on Eubanks' consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this Court.

*Background*

Previously, I screened the original complaint and determined that it attempted to improperly bring unrelated claims in a single case. (ECF No. 12 at 4.) I determined that Eubanks' claims against Officer Dorn, Warden Foster, and Nurse Vick belonged in one case and that his claims against Officer Pohl and Captain Theander, if any, belonged in another case. (*Id.* at 5-6.)

Regarding the claims against Dorn, Foster and Vick, I found that Eubanks stated an excessive force claim against Officer Dorn based on allegations that the officer closed his hand in the trap door on April 22, 2018, and allegedly assaulted him on April 24, 2018. (*Id.* at 5.) I also determined that Eubanks appeared to advance a failure to protect claim against Warden Foster based on allegations that he wrote a letter the warden the day after the April 22, 2018 assault but that the warden allowed Officer Dorn to have contact with Eubanks after that incident. (*Id.* at 3, 5.) I also directed Eubanks to include more information in his amended complaint related to his allegations that Nurse Vick witnessed the April 22, 2018, incident and that she allegedly denied him immediate medical attention. (*Id.* at 3, 5.)

I determined that Eubanks' claim against Pohl – that the officer told him to get down and bend over if he wanted his morning meal tray – belonged in another case. (*Id.* at 4, 6.) I also determined that Eubanks claim against Theander – that he used a Taser on Eubanks without warning after finding Eubanks defending himself from an attack from another inmate – belonged in another case. (*Id.* at 4, 6.)

I directed Eubanks to file an amended complaint incorporating only properly related claims. (*Id.* at 5.) Eubanks was advised that he could bring any unrelated claim not pursued in this action in another case. (*Id.*)

*Screening Eubanks' Amended Complaint*

*Eubanks' Allegations*

First, Eubanks alleges that he prematurely filed his original complaint before he exhausted administrative remedies, but that he completed the exhaustion process before he filed his amended complaint. According to Eubanks, he finished exhausting administrative remedies as to his claim against defendant Theander on June 6, 2018, and he completed the exhaustion process as to his claim against defendant Dorn on May 19, 2018. Eubanks filed the original complaint in this case on April 26, 2018, and he filed his amended complaint on July 13, 2018.

In his amended complaint, Eubanks alleges that on April 20, 2018, he and another prisoner had "heated words" on the basketball court. (ECF No. 13 at 6.) The other inmate then physically assaulted Eubanks. *Id.* at 7. Defendant Theander allegedly arrived in the gym and "without giving the prisoners a cease and abate the prisoners' actions, decided to discharge Theander's taser gun into … Eubanks." (*Id.*) Eubanks has back injuries which include visible bulging discs that cause excruciating back pain. He filed an inmate complaint and, in reviewing the inmate complaint, defendant Warden Foster was allegedly "deliberately indifferent to the misuse of force employed by Theander." (*Id.* at 7-8.) Eubanks claims that Theander's use of force was malicious and sadistic. (*Id.* at 9.)

Next, Eubanks alleges that on the morning of April 22, 2018, defendant Officer Dorn summoned him to the cell front to be handcuffed for a visit with the Health Service Unit. (*Id.* at 10.) He states that as he stuck his right hand out of the "tray-trap slot in the cell door," Dorn slammed the steel door on his right hand and applied pressure for ten to fifteen seconds while yelling for assistance from other staff members. (*Id.*) During this time,

Eubanks was yelling in pain and asking defendant Dorn why he was doing this. (*Id.*) When the other staff members arrived at the cell, Dorn released pressure on the trap door so that Eubanks could pull his hand back in the cell. (*Id.*) Eubanks alleges that Dorn's malicious and sadistic use of force caused a "deep laceration" in his right hand. (*Id.*)

Eubanks also alleges that defendant Nurse Vick stood by and permitted defendant Dorn to assault him. (*Id.*) He also alleges that Vick chose not to provide any medical treatment to Eubanks for either hand. (*Id.*)

Eubanks alleges that on the morning of April 23, 2018, defendant Dorn ordered him to go to the back of his cell and kneel, facing away from the cell door, to get his breakfast meal. (*Id.* at 11.) When Eubanks asked why he had to do this, another officer allegedly stated "'Just get the fuck down' or words to that effect." (*Id.*) Eubanks states that he stood there stunned and the two officers decided not to give him a breakfast tray. (*Id.*) He alleges that he later learned that he was given a "back-of-cell" security precaution "where a prisoner must retreat to the rear of the cell, kneel on the cement floor and either bend forward or place his hands on the top of the head while officers at the cell front insert the meal tray . . . into the cell[.]" (*Id.*) According to Eubanks, he did not do anything to justify his placement on the restriction and he was placed on it in violation of policy. (*Id.*)

Eubanks alleges that on April 28, 2018, he wrote to defendant Sergeant Beam and told him that defendant Dorn smashed his hand in the trap door and that he fears for his safety because he is forced to have contact with Dorn. (*Id.* at 11-12.) The next day, Eubanks allegedly wrote to Waupun's security director, Anthony Meli (not a defendant) and reported that he feared Dorn. (*Id.* at 12.) Eubanks alleges that on April 30, 2018, Meli responded

with the following: "I am aware of the incident as you were being disruptive at the cell door. [T]he matter has been reviewed a[nd] video preserved." (*Id.*)

Eubanks alleges that on May 1, 2018, he wrote to defendant Theander, the segregation second shift supervisor, and told him that he had been on back-of-cell restriction for a week for no reason. (*Id.*) He told Theander that he has serious back issues and that bending down and back up hurt his back. (*Id.*) Eubanks also alleges that on May 4, 2018, he wrote to Captain Tritt (not a defendant) and told him that the back-of-cell restriction was hurting his back. (*Id.* at 13.) He also states that he contacted defendant Warden Foster and asked him to "review the matter and change the policies in the segregation unit" but that Foster did not respond. (*Id.*)

Eubanks seeks injunctive and declaratory relief. (*Id.* at 13-14.) He also seeks damages. (*Id.* at 15-16.)

*Analysis*

The law requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

5

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); see also *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, like his original complaint, Eubanks' amended complaint attempts to bring unrelated claims in the same case. Specifically, and as explained in the order screening his original complaint, Eubanks' claim that defendant Theander maliciously and sadistically used a Taser on him is not related to his claim that defendant Dorn used excessive force on him. Thus, Eubanks may not proceed on both claims in this case. *See* Fed. R. Civ. P. 18(a), 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, Eubanks alleges that he did not exhaust his administrative remedies as to his claims against Theander and Dorn until after he filed this case. The Prison Litigation Reform Act's exhaustion provision states that, "No action shall be brought with respect to prison conditions [under 42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense and prisoners are not required to plead that they exhausted administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008); *Kincaid*

*v. Sangamon Cnty.*, 435 Fed. Appx. 533, 536 (7th Cir. 2011). But a district court may dismiss a complaint where the existence of a valid affirmative defense, such as the failure to exhaust, is plain from the face of the complaint. *Id.* (quoting *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010)).

In *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit explained that administrative remedies must be fully exhausted before a prisoner brings a case. A lawsuit must be dismissed, without prejudice, even if the prisoner exhausts his administrative remedies during its pendency. *Id.* Thus, Eubanks' claims against Theander and Dorn are subject to dismissal for failure to exhaust because he alleges that he did not complete the exhaustion process until after he filed the complaint in this case. *Id.* at 401.

That leaves Eubanks' allegations that defendant Nurse Vick stood by and permitted Dorn to assault him and that she failed to give him medical attention after the excessive force incident with Dorn, that Eubanks wrote to defendant Beam and told him he was afraid of Dorn, that he wrote to Theander (presumably, the same Theander as the first excessive force claim) and complained that the back-of-cell restriction hurt his serious back issues, and that he wrote to Foster and asked him to review segregation policies. Eubanks does not state whether he exhausted administrative remedies as to any claims against these defendants. However, the allegations all fall under his claims against Dorn and Theander which Eubanks did not fully exhaust until after he filed this case.

Eubanks alleges that he failed to fully exhaust his administrative remedies before his filed the complaint in this case. Therefore, I will dismiss this case without prejudice. *See Ford*, 362 F.3d at 401. Eubanks is free to file a new case or cases regarding these claims. I

7

remind him that his claims against Dorn and his claim against Theander belong in separate cases.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Eubanks a prisoner complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $339.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk's Office send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

Dated at Milwaukee, Wisconsin this 3rd day of October 2018.

> BY THE COURT:
>
> *s/Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge